## RILEY v. CITIZENS NAT. BANK OF WACO.

### No. 2780.

Court of Civil Appeals of Texas. Waco.
March 18, 1948.

Rehearing Denied April 15, 1948.

R. L. Henderson, of Waco, for appellant.

Richey, Sheehy & Teeling, of Waco, for appellee.

HALE, Justice.

This is an injunction suit. It is ancillary in nature to Riley v. Citizens National Bank of Waco, 210 S.W.2d 224, now pending in this court, herein referred to as the main suit. For a statement as to the nature and results of the main suit reference is here made to the opinion of this court handed down therein on this day.

After the court below had rendered judgment in the main suit terminating the rental agreement between appellee and appellant and directing the issuance of a writ of possession in favor of appellee for the premises in controversy, appellant filed therein his Motion for New Trial which was overruled on July 14, 1947. Appellee then caused the writ of possession to be issued on July 24th and the same was duly executed on July 26th. Appellant filed an appeal bond in the main suit in the sum of $500 on July 29th, but he did not file a supersedeas bond in the sum of $750, as fixed by the trial court.

Appellee instituted this proceeding on September 2, 1947, alleging in its verified petition the substance of the foregoing facts. It further alleged that appellant, although he had been legally dispossessed, was nevertheless attempting to exercise control and dominion over the use and occupancy of the premises in controversy, and it sought an injunction against appellant, enjoining and restraining him from molesting appellee and its tenants who were in actual possession of the premises. Appellant answered the application with various special exceptions, a general denial and affirmatively pleaded that he was a regular paying tenant in lawful possession of the premises on July 1, 1947, the effective date of an amendment to the Emergency Price Control Act of 1942, and since he had not used said premises for other than dwelling purposes, he could not be removed therefrom by reason of the provisions of said amended Act and the regulations issued in pursuance thereof. By way of cross action he sought an injunction against appellee. On September 12, 1947, the trial court overruled all exceptions contained in the answer of appellant and, after a hearing on the merits, granted the injunction sought by appellee and denied the injunction sought by appellant.

Appellant's principal contention on this appeal is based upon the fact that the Emergency Price Control Act of 1942, Title

50 U.S.C.A. Appendix, § 901 et seq., was amended on June 30, 1947. He says the amendment and the rent control regulations issued by the Housing Expediter in pursuance thereof prohibited appellee from taking any action or proceeding to recover possession of the premises because on July 1, 1947 and at all times thereafter he was in possession of the premises, was not in arrears in the payment of rentals and did not use said premises for other than dwelling purposes. We cannot agree with the contentions thus asserted by appellant.

The Emergency Price Control Act of 1942, as amended on June 30, 1947, Public Law 129, 80th Congress, Chapter 163, 1st Session, 50 U.S.C.A. Appendix, § 1881 et seq., provides, among other things, as follows:

"Title II—Maximum Rents

"Declaration of Policy

"Sec. 201. (a) The Congress hereby reaffirms the declaration in the Price Control Extension Act of 1946 that unnecessary or unduly prolonged controls over rents would be inconsistent with the return to a peacetime economy, and would tend to prevent the attainment of the goals therein declared.

"(b) The Congress therefore declares that it is its purpose to terminate at the earliest practicable date all Federal restrictions on rents on housing accommodations. At the same time the Congress recognizes that an emergency exists and that, for the prevention of inflation and for the achievement of a reasonable stability in the general level of rents during the transition period, as well as the attainment of other salutary objectives of the above-named Act, it is necessary for a limited time to impose certain restrictions upon rents charged for rental housing accommodations in defense-rental areas. Such restrictions should be administered with a view to prompt adjustments where owners of rental housing accommodations are suffering hardships because of the inadequacies of the maximum rents applicable to their housing accommodations, and under procedures designed to minimize delay in the granting of necessary adjustments, which, so far as practicable, shall be made by local

boards with a minimum of control by any central agency.

\* \* \* \* \* \*

"Rent control under this title

"Sec. 204 (d) The Housing Expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202 (c).

\* \* \* \* \* \*

"Eviction of tenants

"Sec. 209 (a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—

"(1) under the law of the State in which the action or proceeding is brought the tenant is (A) violating the obligation of his tenancy (other than an obligation to pay rent higher than rent permitted under this Act or an obligation to surrender possession of such housing accommodations) or (B) is committing a nuisance in such housing accommodations or using such housing accommodations for an immoral or illegal purpose or for other than living or dwelling purposes."

■ Although the Housing Expediter duly issued certain rent regulations under date of July 1, 1947, in pursuance of the authority vested in him under the terms of Title II, Sec. 204 (d) of the amended Act aforesaid, we do not think such regulations are in any wise applicable to the facts of this case because it is provided in such regulations that they do not apply to "entire structures or premises, as distinguished from the rooms within such entire structures or premises" in so far as such regulations relate to "Rooming Houses" or to "entire structures or premises wherein 25 or less rooms are rented or offered for rent by any lessee, sub-lessee, or other tenant of such entire structures or premises" in so far as such regulations relate to "Housing."

230 

 Under the agreed facts in the main case and the evidence adduced on the trial of the injunction suit, it appears to us that the trial court was warranted in concluding therefrom that appellant was using the premises in controversy on and prior to July 1, 1947, and at all times subsequent thereto for the purpose of realizing a profit from sub-renting the same and consequently that he was not using such premises for living or dwelling purposes within the meaning of Title II, Sec. 209 (a), Sub. (1) of Public Law 129, as enacted by the 80th Congress on June 30, 1947.

Therefore, all of appellant's points are overruled and the judgment of the trial court is affirmed.