### RILEY v. CITIZENS NAT. BANK OF WACO.
### No. 2761.

Court of Civil Appeals of Texas. Waco.

March 18, 1948.

Rehearing Denied April 15, 1948.

See also 210 S.W.2d 227.

R. L. Henderson, of Waco, for appellant.

Richey, Sheehy & Teeling, of Waco, for appellee.

HALE, Justice.

This is an eviction suit wherein appellee as landlord sued appellant as tenant for the possession of certain rented premises. The litigation arose because of the provisions contained in the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 901 et seq., and the Rent Regulations for Housing promulgated by the Office of Price Administration in pursuance thereof (10 F.R. 13528).

Appellee owns a two story building situated in Waco, Texas. It rented the second floor of said building to appellant in the year 1937 on a month to month oral contract at a rental of $30 per month. The rented premises were subdivided into sixteen rooms or housing units. Being situated within a "defense-rental area," such premises were registered by appellee on September 3, 1942, with the Waco Area Rent Control Office of the O.P.A., showing appellant as tenant at a maximum rental of $30 per month. Appellant did not occupy or use any part of the rented premises as his own dwelling place but, having pro-

vided certain services and equipment therefor, he continued to sub-let the housing units to various sub-tenants who did occupy and use the accommodations as a place of dwelling at all times material to this suit. On November 27, 1946, appellee gave written notice to appellant of its desire to terminate the rental agreement with him and demanded possession of the rented premises, such demand being predicated upon the fact that appellant did not occupy the premises.

Appellee then instituted this suit against appellant, seeking to have the rental agreement terminated by judicial decree and to recover possession of the premises as against appellant. In an amended petition upon which the case was tried appellee also sought damages against appellant in the sum of $900 as the loss it had sustained by reason of appellant's refusal to deliver possession of the premises as of December 1, 1946. Appellant answered the suit with various special exceptions, a general denial and a cross-action against appellee, seeking damages on account of the latter's alleged interference with his sub-tenants and the recovery of $30 as excess rent paid by him to appellee for the month of October, 1946.

The case was submitted to the court below upon an agreed statement of facts. On June 25, 1947, the court rendered judgment decreeing (1) that the rental agreement was terminated as of December 1, 1946, (2) that appellee recover possession of the premises in controversy as against appellant, (3) that appellee recover the sum of $210 from appellant as damages for wrongfully withholding possession of the premises for seven months from December of 1946 to June of 1947, inclusive, and (4) that appellant take nothing by his cross-action against appellee.

Under the first six points in his brief appellant says the court below erred in decreeing a termination of the rental contract and in awarding possession of the rented premises to appellee. He predicates his contentions upon the agreed facts that he had paid his rent or tendered payment thereof in the sum of $30 per month when due; that it was contemplated at the time

226

the premises were rented in 1937 that appellant would sub-rent part or all of the premises to various sub-tenants; and that he had rented the premises from appellee unfurnished, had sub-rented the sixteeen units to various sub-tenants furnished on a week to week or month to month basis over a period of approximately ten years, and had not himself occupied any of the units as his own dwelling during the past seven years, all with the knowledge, consent and acquiescence of appellee. He insists that so long as he paid or tendered payment of his rent, appellee was prohibited under the Rent Control Regulations of the O.P.A. from bringing any action to terminate the lease or to recover possession of the leased premises.

On the other hand, appellee says it was entitled to judgment terminating the rental agreement and for possession of its property because such premises had been rented to appellant on a month to month basis, and since appellant was not using the premises or any part thereof for his own dwelling or living purposes, and since all of such premises were being occupied by sub-tenants, the relief sought by it was not prohibited by the Rent Control Regulations.

The Emergency Price Control Act of 1942 as amended July 25, 1946, Title 50 U.S.C.A.Appendix, § 902(b), authorized the Price Administrator as provided for in the Act to issue appropriate regulations for the rental of housing accommodations in defense-rental areas. Pursuant to such authority the Administrator issued certain "Rent Regulations for Housing" on October 15, 1946, being his Document No. 58272, and being filed in 10 F.R. 13528, herein referred to as the Rent Control Regulations.

Sec. 6 of the Rent Control Regulations relates to the right of a landlord to remove a tenant from rented premises. Sub. (a) of said Sec. 6 provides as follows:

"So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: * * *

"(4) * * * The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodations is used by the tenant as his own dwelling."

After due consideration of the agreed facts in this case and the applicable provisions of the Rent Control Regulations as they existed at the time when this suit was instituted and tried, we think appellee was not prohibited by the Emergency Price Control Act of 1942 as amended, or by the Rent Control Regulations promulgated in pursuance thereof, from terminating its month to month rental agreement with appellant as its tenant or from recovering the possession of the rented premises as against appellant. Such seems to be the obvious and clear import of the fourth exemption to the inhibition contained in Sub. (a) of Sec. 6 of the Rent Control Regulations of October 15, 1946, against the common law right of a landlord to recover possession of rented premises from a tenant whose rental agreement has expired or otherwise terminated. Moreover, such exemption appears to be wholly consistent with the general intent and meaning of the Emergency Price Control Act of 1942 as amended on July 26, 1946. Therefore, we hold that appellee was entitled to judgment terminating the rental agreement, for possession of the rented premises as against appellant and for damages on account of the wrongful withholding of such premises.

The agreed facts show that appellant duly registered fifteen of the housing units with the Waco Rent Control Office of

the O.P.A., designating the maximum rent therefor as follows: Two units at $4.50 each per week; eight units at $4 each per week; and five units at $3.50 each per week. Appellant continued on and after December 1, 1946, to collect all the rents he could collect from the sub-tenants occupying the premises in controversy and realized from the rents so collected a net profit of $50 per month after allowing for all expenses and the value of $50 per month for the use of his furnishings.

 By an appropriate counter point in its brief, appellee says: "It appearing from the pleadings and undisputed evidence that Appellee had lawfully terminated its rental contract to Appellant prior to December, 1946 and that for the months of December, 1946, January, February, March, April, May and June, 1947 Appellant received rents and profits from said premises in the amount of Fifty ($50.00) Dollars per month or a total of Three Hundred Fifty ($350) Dollars, and that same was the reasonable value of the premises for said period, the trial court should have rendered judgment for Appellee in the amount of Three Hundred Fifty ($350) Dollars damages instead of Two Hundred Ten ($210) Dollars, even though the maximum rental rate for said premises as fixed by the Office of Price Administration was Thirty ($30) Dollars per month and the judgment of the trial court should be reformed so as to allow same." We are of the opinion that this contention must be sustained. Appellee did not seek to recover rents from appellant under the rental agreement but it sought the recovery of damages on account of appellant's wrongful conduct in withholding possession of the premises after the rental agreement had been terminated. To permit appellant to retain any part of the net profits realized by him from the collection of such rentals would be to permit him to profit as a direct result of his own wrongful conduct, contrary to elemental principles of tort law.

The agreed facts further show that on September 25, 1946, appellee made written demand on appellant for said premises and thereafter the parties agreed on or about October 10, 1946, to an increase in the monthly rental for said premises from $30 to $60 per month, and appellant then paid to appellee the sum of $60 as rental for the month of October, 1946. This was done, however, without the consent or authority of the Office of Price Administration and such payment was so made as the result of a mutual mistake, appellant thinking that appellee had obtained approval from the O.P.A. and appellee thinking the O.P.A. had no jurisdiction of the rental agreement since appellant was not occupying any of the premises as a dwelling.

In his cross action, appellant pleaded the substance of the foregoing facts and sought recovery of the $30 paid by mistake as aforesaid. By an appropriate point in his brief, he says the court below erred in not allowing him a credit of $30 by reason of the excess rent thus paid to appellee. We sustain this contention.

Upon consideration of the entire record, we have concluded that the judgment of the trial court should be reformed so as to award to appellee a recovery in the sum of $320 in lieu of the sum of $210 as provided for in said judgment and that such judgment as so reformed should be in all other respects affirmed. It is accordingly so ordered.