112 EAST 36TH STREET HOLDING CORP., Respondent, *v.* JEANNE M. DAFFOS, Appellant.

First Department, March 29, 1948.

*Maurice R. Whitebook* for appellant.

*Henry A. Panoff* of counsel (*Hyman Grill,* attorney), for respondent.

VAN VOORHIS, J.   Defendant appeals from a judgment on the pleadings, awarding to the plaintiff constructive possession of a rooming house of less than twenty-five rooms at 119 East 64th Street in the borough of Manhattan, city of New York.   Plaintiff is the owner of this building.   The complaint alleges that on July 30, 1943, a former owner of the building leased it in its entirety to defendant for the purpose of subletting furnished apartments and rooms.   The term of the lease has not expired, unless the termination date has been advanced under a cancellation clause hereinafter described.   Defendant, it is alleged, placed her own furniture in these rooms and apartments, occupies two of the rooms herself, and sublets the rest in a furnished condition to undertenants at a profit.   The landlord desires that defendant's tenants shall attorn to it, thus increasing the landlord's revenue from the building.

The principal lease provided " that in the event of the sale of the herein demised premises, the Landlord, his heirs, successors or assigns, shall have the right to cancel this lease at his or their option, such cancellation to be effective at any time on or after August 1st, 1946, upon giving at least ninety (90) days written notice to the Tenant   *   *   *." At the expiration of said ninety days said lease is to expire " as fully and to the same extent as if that were the date originally fixed for the expiration of said term." Other conditions are attached to this clause which are not relevant to the present controversy.

On February 18, 1947, plaintiff-respondent gave the defendant notice to quit on July 31, 1947, which she has not done.

The judgment appealed from compels defendant to surrender all portions of the building except those actually occupied for her own use. The appeal is based upon two grounds, (1) that the contingency under which the cancellation clause could be exercised has not occurred, and (2) that defendant is entitled to retain possession of the entire building, regardless of the termination of the lease, by virtue of the United States Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*).

The cancellation clause can be exercised by the landlord, his heirs, successors or assigns, only " in the event of the sale of the herein demised premises." The complaint alleges that this building was sold several times, without cancellation of the lease, the last transfer having been made to the plaintiff on March 26, 1945. Plaintiff's grantor gave no notice of cancellation, and the notice on which plaintiff-respondent relies was given by it as grantee of the premises a year and eleven months after acquiring title. A majority of the court are of the opinion that the option to cancel could be exercised only by the landlord, his heirs, successors or assigns, as grantor in connection with the making of a sale. Under this view, the object was to enable anyone who might own the property on or after August 1, 1946, to dispose of it unencumbered by this lease, in event that the purchaser preferred not to take the building subject to it. If that construction be correct, then the plaintiff-respondent would have had to have insisted upon a cancellation by its immediate grantor at the time of the sale to plaintiff. Not having done so, plaintiff cannot claim the right to cancel as grantee by reason of the sale to it, or by reason of the prior sales in the chain of title which were made subject to this lease at times when the cancellation privilege was not invoked. Since the attempted cancellation was ineffective, and the term of the lease has not expired, plaintiff is not entitled to recover possession from defendant.

The court is unanimously of opinion that the landlord cannot recover possession, even if the lease were ended, by reason of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, which provides: " No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless  *  *  *."

Section 202, subdivision (c), of the act states that the term "controlled housing accommodations" means housing accommodations in any defense-rental area, with exceptions not pertinent here. Housing accommodations which are not expressly decontrolled are "controlled housing accommodations" as defined in section 202, subdivisions (b) and (c), which is true of the area in question (cf. Housing Expediter's Controlled Area, 12 Federal Register 4295).

Section 202, subdivision (b), of said act defines the term "housing accommodations" so as to include "real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming- or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property." This includes the defendant in this action, who furnished these rooms and apartments and rented them in a furnished condition. This conclusion is strengthened by the regulations of the Housing Expediter (see § 1, subd. [b], par. [4], subpar. [iii]; 12 Federal Register 4296).

The last section defines what is meant by recovery of "possession" of a "controlled housing accommodation" as used in section 209, subdivision (a), and distinguished this case from *WMCA, Inc.* v. *Blockfront Realty Corp.* (272 App. Div. 800). It is the expressed intention of this law not to dispossess tenants in the situation of this defendant, who have equipped rooms and apartments with furniture and furnishings, and have sublet them as furnished accommodations.

The order and judgment appealed from should be reversed, with costs to the appellant and the motion to strike out the defendant's answer and defense denied.

DORE, CALLAHAN and SHIENTAG, JJ., concur; PECK, P. J., concurs on the ground that defendant's position is protected by the Federal Housing and Rent Act.

Order and judgment unanimously reversed, with costs to the appellant and the motion to strike out the defendant's answer and defense denied.