IRVING GREENBERG et al., Plaintiffs, *v.* HARRY M. COHEN et al., Individually and as Temporary Administrators of the Estate of OLIVE T. COTE, Deceased, Defendants.

Supreme Court, Special Term, New York County, June 25, 1948.

*Benjamin Bag* for plaintiffs.

*Louis Richman* for defendants.

BOTEIN, J. This is a motion by the plaintiffs for judgment on the pleadings in their favor. The plaintiffs contend that

the executor or administrator of a deceased statutory tenant of commercial or business property does not succeed to the rights of the tenant as such and is therefore not entitled to the protection of the Commercial and Business Rent Laws. Section 2 of chapter 3 of the Laws of 1945, as amended, defines " tenant ", as used in the statute, as " A lessee, sublessee, licensee, or other person entitled to the possession or to the use or occupancy of the whole or a part of any commercial space ", and identical language is used in section 2 of chapter 314 of the Laws of 1945, as amended, except that the words " any business space " replace the words " any commercial space." Both sections define the term " person " as " An individual, corporation, partnership, association, or any other organized group of individuals or the *legal* successor or representative of any of the foregoing." (Italics supplied.) Since the term " tenant " includes any " person entitled to the possession ", and since the term " person " includes his legal successor or representative, it seems clear that the Legislature intended that the legal successor or representative of any tenant should have the same rights as the tenant under the Commercial and Business Rent Laws. Plaintiffs' brief takes the position that since the definition of the term " tenant " contains no reference to the legal successor or representative of the tenant, whereas the definitions of " person " and " landlord " do contain references to the successors or representatives of the " person " and of the " landlord ", the Legislature must have intended that the successor or representative of any tenant should not be entitled to the rights of a tenant under the rent laws.

It seems to be a decisive answer to this contention that if plaintiffs' interpretation were correct, the legal successor or representative of a lessee, sublessee or licensee would not be entitled to the rights of a lessee, sublessee or licensee, whereas the legal successor or representative of a " person " would be entitled to the rights of such " person ". Clearly it could not have been the intent of the Legislature to give rights to the successor or representative of someone who was not even a lessee, sublessee or licensee which it denied to a lessee, sublessee or licensee. It is to be noted that the definition of " tenant " uses the word " other " before the word " person ", indicating that the term " person " is intended to be broad enough to include a lessee, sublessee or licensee. The definition of " person " as including a legal successor or representative is therefore as applicable to a lessee, sublessee or licensee as it is to

anyone else entitled to the possession, use or occupancy of any part of commercial or business space.

The case of *Polon* v. *City Bank Farmers Trust Co.* (N. Y. L. J., Dec. 17, 1947, p. 1792, col. 1) relied upon by plaintiffs, has no application here. That case did not relate to premises subject to the Commercial or Business Rent Laws, but to an apartment which had been occupied by the deceased and roomers. Such premises are governed by the Federal housing laws (see *112 East 86th St. Holding Corp.* v. *Daffos,* 273 App. Div. 447).

It follows from the foregoing that plaintiffs' motion for judgment on the pleadings must be denied. The motion is denied.