SAMUEL AXELROD et al., Appellants, *v.* 11 WEST 42ND STREET, INC., Respondent.

First Department, February 28, 1949.

*Edward Lazansky* of counsel (*Benjamin Jaffe* and *Horace F. Callaghan* with him on the brief; *Benjamin Jaffe,* attorney), for appellants.

*Abraham J. Halprin* of counsel (*Louis Okin* with him on the brief), for respondent.

*Per Curiam.* Upon the authority of *WMCA, Inc.,* v. *Blockfront Realty Corp.* (67 N. Y. S. 2d 867, affd. 272 App. Div. 800) the landlord, defendant-respondent herein, instituted proceedings against Tower Leasing Co., Inc., as tenant, and others, as subtenants, by which it was sought to oust the tenant and the subtenants from five rooms on the 13th floor of its building in Man-

hattan upon the ground that the tenant does not use or occupy the demised premises for its own business purposes and hence is not entitled to the protection of the commercial rent laws. The summary proceedings were consolidated with an action for a declaratory judgment later brought to determine the rights of the landlord, the tenant and the subtenants in relation to the rooms.

We are in accord with the holding of the court that Tower Leasing Co., Inc., was the only tenant of the landlord. However, we think that the facts here are clearly distinguishable from those in the case relied upon by the landlord. In the *WMCA* case (*supra*) defendant was a tenant of the building who in turn sublet to undertenants all the rental space in the premises, retaining actual possession only of the hallways, elevators, stairs and other parts necessary to its operation. Such tenant, who was merely in constructive possession of the rental space of a commercial building, we held, was not entitled to the protection of the emergency rent laws.

Here, the premises now are leased, and had been leased for many years before, by the landlord to the tenant Tower Leasing Co., Inc., for the specific purpose of permitting the latter to subdivide the space and to conduct a business of renting furnished office and desk room with services. The landlord at all times knew fully how the space was intended to be used and how it was used. The demised space was subdivided by means of partitions into more than 35 offices, and occupied by 100 undertenants accommodating 140 to 150 people. The landlord had not merely countenanced the subletting of all or part of the leasehold to others but had expressly permitted office and desk space to be underlet to others with services. Indeed, one of the provisions of the successive leases between the landlord and the main tenant, which is projected into the present statutory tenancy, required that the names of all subtenants be submitted to the landlord for approval or rejection.

In the conduct of its business the tenant's furniture and equipment were used in furnished units and furnished offices. Where desk space was rented, the subtenant had only the right or license to use a particular desk in a designated room. Some such rooms contained as many as six desks. There was no defined area which the desk-space subtenant was to occupy. The desk and chairs (belonging to the main tenant) were placed in a known area beyond which the subtenant could go in the conduct of his business. The subtenant had the use of a central reception room, space in mail box, certain telephone rights and similar incidental

services. He could also use an available stenographic force. In effect, the entire area was reserved to the tenant in which he was to render services to the subtenants. This is quite different from the workable space reserved by the tenant in the *WMCA* case for the operation of the building. The main tenant here occupied the entire area for office and business purposes. As such it is entitled to the full protection of the emergency rent laws. (L. 1945, ch. 314, as amd.)

The judgment insofar as it dismisses the complaint against plaintiff Tower Leasing Co., Inc., should be reversed and a declaratory judgment should be entered· in favor of that plaintiff, the final order in the summary proceedings should be reversed and a final order therein should be entered in favor of the tenant, Tower Leasing Co., Inc.

DORE, J. P., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment, insofar as it dismisses the complaint against plaintiff Tower Leasing Co., Inc., unanimously reversed, a declaratory judgment directed to be entered in favor of that plaintiff, the final order in the summary proceedings reversed and a final order therein directed to be entered in favor of the tenant, Tower Leasing Co., Inc. Settle order on notice.