Callahan, J.
This is an action for a declaration of the legal relationship between the plaintiffs as owners and the defendants as lessees of certain premises under an expired lease from the plaintiffs’ predecessor in title.
The building in question is a converted private dwelling consisting of five apartments. It was leg,sed to the defendants by the former owner for a term commencing July 1, 1941, and expiring September 30, 1946, at an animal rental of $3,300 payable at the rate of $275 per month. The defendants occupy one apartment for their own dwelling purposes and sublet the other apartments apparently unfurnished at rentals aggregating more than $275 per month, including the reasonable value of the defendants’ quarters. The plaintiffs purchased the property on or about December 27, 1946, after the expiration of the defendants’ lease. Though the plaintiffs have demanded constructive possession of the premises, the defendants have allegedly excluded them from the builcing and refuse to deliver such possession or allow the plaintiffs to take actual possession of the premises. The plaintiffs disclaim any intention to evict the defendants or any of their undertenants from physical occupancy of the premises.
The plaintiffs seek a judgment declaring, in effect, that the defendants’ lease has expired and that they are entitled to constructive possession as landlords of the defendants and all other occupants of the premises. It is also asked that a reasonable rent be fixed for the defendants’ apartment and that the defendants account for all rents received from the subtenants since the plaintiffs acquired title to the property.
The defendants plead a variety of defenses in their answer, including a defense of res judicata predicated on the determination of a prior summary proceeding in their favor.
*101 The plaintiffs ’ motion to strike the defenses and for judgment on the pleadings was countered by a cross motion to dismiss the complaint on the ground of insufficiency and for judgment on the pleadings in favor of the defendants. The Special Term denied the plaintiffs’ motion and granted the application of the defendants on the authority of 112 East 36th St. Holding Corp. v. Daffos (273 App. Div. 447, affd. 298 N. Y. 763).
We are constrained to disagree with this determination. In our opinion the complaint states facts sufficient to constitute a cause of action, and the separate defenses alleged in the answer are insufficient in law. The allegations of the complaint establish a prima facie right of the plaintiffs to constructive possession as landlords of the premises in question. The defendants cannot succeed on the defense of res judicata for the reason that the issues in the present action are materially different from those decided in the summary proceeding previously instituted by the plaintiffs to regain actual possession of the premises for their own immediate and personal use.
We think that the present case is controlled by the principle applied in WMCA, Inc., v. Blockfront Realty Corp. (272 App. Div. 800). The defendants in this action are engaged in renting housing accommodations for profit and have only constructive possession of those portions of the premises sublet to others. They are not entitled to the protection of the rent control statutes in this activity. We believe that it is in no wise inconsistent with the purposes of the Housing and Bent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 et seq.) to declare that the plaintiffs are to be deemed in constructive possession of the entire premises as owners and occupy the relation of landlords to the tenants of the several rental units.
The Daffos case (supra) cited by the Special Term is distinguishable on its facts. There we held that an option to cancel had not been properly exercised so as to effect termination of the lease. In that case the entire premises were leased unfurnished. The tenant equipped and sublet the same as furnished apartments and rooms. The holding of this court against recovery of possession by the plaintiff carried out the purposes of the Federal Housing and Bent Act- of 1947 in protecting the actual possession of the occupants of the furnished accommodations.
Nor is our holding in this case in conflict with 214 West 39th St. Corp. v. Miss France Coats, Inc. (274 App. Div. 597). In that case commercial properties were involved. The tenants of two *102 lofts had sublet portions of their space and retained possession of the balance. It was held that the sublessees continued as tenants of their sublessors after expiration of the main leases by reason of the provisions of the State emergency rent laws and in view of the practical difficulties that would be involved by disturbance of the status qua in the relationship of the parties. (See, also, Axelrod v. 11 West 42nd St., Inc., 274 App. Div. 651.) As was pointed out in Brause v. Parisi (274 App. Div. 469, affd. 299 N. Y. 585), the State statutes in respect to commercial and business space differ substantially from the laws and regulations pertaining to housing accommodations. The former contain provisions for renewal of leases not found in the Federal statutes or local laws relating tc residential space. The essence of the latter is protection of occupants in possession of dwelling accommodations so long as controls continue in effect.
The judgment and orders appealed from should be reversed, with costs to the plaintiffs-appellar ts, and the plaintiffs-appellants’ motion should be granted land the cross motion of the defendants-respondents denied.
Peck, P. J., G-lennon, Van Voorhis and Shientag, concur. JJ.,
Judgment and orders unanimously reversed, with costs to the plaintiffs-appellants; and plaintiffs-app ellants ’ motion to strike various defenses and for judgment on and the cross motion of the defendants-the complaint and for judgment on the post, p. 803.] the pleadings granted; respondents to dismiss pleadings denied. [See