This is an appeal from a judgment for the defendant entered in the City of Trenton District Court.
The undisputed facts are embodied in an agreed statement by the parties. In 1943, the plaintiff Catherine Toto rented premises in Princeton on a monthly basis from the owner Michael Rossi. She occupied the premises until 1946 and then subleased them to the defendant Evar Dare Nering on a monthly basis. Under date of January 20, 1948. Michael Rossi served notice upon the plaintiff that her tenancy would *Page 105 
terminate on March 1, 1948, and at the same time advised the defendant that his right of possession would then also terminate. On March 1, 1948, Michael Rossi rented the premises directly to the defendant.
Since June, 1946, the defendant has been and now is in actual possession of the premises. He paid rent to the plaintiff until March 1, 1948. Thereafter he refused to pay any further rent to the plaintiff but has paid his monthly rental to the owner Michael Rossi. In June, 1948, the plaintiff instituted an action in the City of Trenton District Court claiming the monthly rental of $65 from March through June, 1948, and her appeal is from the judgment of the District Court rendered for the defendant.
The plaintiff conceded in her brief and at the argument on the appeal that "under the New Jersey law alone" the notice dated January 20, 1948, was legally effective to terminate her tenancy and the defendant's subtenancy and the attornment by the defendant to Michael Rossi was likewise legally effective to create a landlord and tenancy relationship between them. She contends, however, that under the Federal "Housing and Rent Act of 1947" (see 50 U.S.C.A. App., §§ 1881 et seq.) her interest remained and the defendant continued as her subtenant despite the owner's notice of termination of her lease. The District Court held that under the circumstances presented that act was inapplicable, and we have reached the same conclusion.
The Federal Act was emergency legislation necessitated by the continued housing shortage and danger of excessive rentals. To curb this danger and protect tenants against their eviction or ouster of possession, the act continued rent ceilings and restricted eviction proceedings. Nowhere in the act do we find any suggestion of purpose to protect a person such as the plaintiff, who is and has been out of possession and does not now claim or seek possession, whose interest in the premises has been terminated in accordance with State law, and whose only claim is to continue indefinitely as "middleman" for the purpose of profiting to the extent of the difference between the amount originally payable by her under her lease *Page 106 
with the owner and the higher amount fixed by her in the sublease. Cf. Riley v. Citizens National Bank of Waco,210 S.W.2d 224 (Tex. Civ. App.); 210 S.W.2d 227 (Tex. Civ.App. 1948); certiorari denied, 335 U.S. 835, 93 L.Ed. 30
(1948); rehearing denied, 335 U.S. 865, 93 L.Ed. ___ (1948). But see 112 East 36th Street Holding Co. v. Daffos,190 N Y Misc. 551, 75 N.Y. Supp. 639 (Sup. Ct. 1947); reversed,273 App. Div. 447, 78 N.Y. Supp.2d 31 (App. Div. 1948); affirmed, 298 N.Y. 763, 83 N.E.2d 462 (Ct. of App. 1948).
There is nothing in the wording of the 1947 act which supports the plaintiff's contention and the only provision thereof which has been referred to as pertinent is section 209(a) (50 U.S.C.A.App., § 1899). That section appears under the caption "Eviction of Tenants" and provides that: "No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court" except as thereinafter set forth. This language is considerably narrower than that found in the earlier Price Control Act and the Rent Regulation for Housing thereunder and is expressly confined to court proceedings by landlords to oust tenants from possession of leased premises. Cf. 50 U.S.C.A.App. 902(d), § 6(a) of Rent Regulation for Housing and the recent amendment of section 209 by the Housing and Rent Act of 1949. Neither in terms nor intent does it lend aid to the particular claim here advanced by the plaintiff for the recovery of rent from the defendant.
The judgment of the District Court is affirmed. *Page 107