JOSE M. VAZQUEZ et al., Plaintiffs, *v.* MARIA BELOTTI et al., Defendants.

Supreme Court, Trial Term, New York County, September 27, 1949.

*Emilio Nunez* for plaintiffs.

*M. Zachary Lehrich* for Maria Belotti, defendant.

*Frank J. Pino* for Helen Ganelli, defendant.

GAVAGAN, J. On April 26, 1949, the plaintiffs bought a five-story building on 14th Street consisting of a cellar, a store and eighteen rooms. The entire building was then leased to Maria

Belotti for a term which expired on April 30th. She lives in three of the rooms and sublets the rest to roomers whom she supplies with furniture, linen and housekeeping services. The store was sublet to Helen Ganelli, the other defendant.

When the lease expired, plaintiffs brought an action against Maria Belotti for a declaration of their legal rights in the property, and subsequently started dispossess proceedings in the Municipal Court against Helen Ganelli and Maria Belotti, asserting their need of the store for their own use. The two causes were consolidated and tried together in this court.

There are substantially no disputed issues of fact. Plaintiffs seek, through the declaratory judgment, to force an attornment by the roomers, promising the court that they will supply furniture, linen and housekeeping services. No dwelling evictions are sought — Maria Belotti will be permitted to live in the three rooms she now occupies. The court is asked to fix her rent — a thing which the court has no power to do. The defendant contends that she is protected in her occupancy of the entire dwelling portion of the house by the Federal rent laws despite the fact that she is operating most of the rooming house as a business. Because of recent regulations of the Housing Expediter, I am constrained to agree with her.

Two decisions of the Appellate Division in this department are at the root of the difficulty. In *112 East 36th St. Holding Corp.* v. *Daffos* (273 App. Div. 447 [March 29, 1948]), the court held, in circumstances similar to those at bar, that the principal tenant was protected by Federal law. However, as an alternative ground of decision, a majority of the court held that the lease had not been cancelled or terminated by the landlord. The case was affirmed without opinion (298 N. Y. 763 [Dec. 2, 1948]). In *Belenky* v. *Colombo* (275 App. Div. 99 [April 12, 1949]), the court held the contrary, mentioning the alternative ground in the *Daffos* case (*supra*) and pointing out that in the *Daffos* case the principal tenant had sublet the rooms furnished. The plaintiffs claim that a distinction based on whether the principal tenant sublets the rooms furnished or unfurnished is insubstantial and that the court was confining its earlier decision to the alternative ground. The defendant contends that, because of their proximity in time, the two cases represent a growing line of decision and that the distinction is based on the substantial difficulty of working out the relations among the parties if the principal tenant withdraws his furniture.

In this legal dispute, counsel have overlooked the effect of section 206 of the Housing and Rent Act of 1949 (Public Law 31,

ch. 42, 81st Cong., 1st Sess.), which amended section 209 of the Federal rent control law (U. S. Code, tit. 50, Appendix, § 1899) and confers upon the Expediter power to regulate evictions in accordance with the purposes of the act. The regulation, promulgated pursuant to that section, reads in its material parts as follows: *" Removal of tenant* — (a) *Restrictions on removal of tenant.* So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations  *  *  *  except on one or more of the grounds specified in this paragraph  *  *  *  (4) *Accommodations entirely sublet.* The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of the termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, and *no part* of the accommodations is used by the tenant as his dwelling." (Italics, other than headings, supplied; 14 Federal Register 1572, eff. April 1, 1949.) The negative inference is compelling that if the tenant *does* occupy part of the accommodations as his dwelling, he may *not* be evicted. This inference is further strengthened by an official interpretive example published to elucidate an identical regulation in effect prior to the Housing and Rent Act of 1947:

" On June 1, 1942, L leased a seven-room house to T for a one year term. T lives in three rooms and rents the remaining four rooms. This condition exists when T's lease expires on May 31, 1943.

" Prior to March 1, 1943, Section 6 (a) (4) of the Housing Regulations permitted the eviction of T on the expiration of his lease if the four rooms which were then sublet constituted a predominant part of the house. As a result of Supplementary Amendment No. 15, eviction of T on the expiration of his lease is no longer permitted by Section 6 (a) (4)." (Rent Regulation for Housing with Official Interpretations, July 1, 1945, p. 97.)

The Housing and Rent Act of 1947 withdrew power from the Expediter to deal with evictions by regulations. Control was regulated by the statute itself. Consequently, the quoted regulation was omitted by the Expediter (see 12 Federal Register 4295). The two cases cited by counsel for their respective positions were decided by the Appellate Division during the hiatus of specific regulations covering the subject matter. The court was forced, in effect, to make its own regulation based on the all-inclusive definition of " controlled housing accommodations " in the statute itself. It is true that the *Belenky* case (*supra*) was decided on April 12th, twelve days after the Housing and Rent Act of

1949 became effective and the regulations promulgated, but a perusal of the record on appeal indicates. that the court did not have the new regulation under consideration. Furthermore, the Expediter made the new regulation inapplicable to judgments rendered prior to April 1, 1949 (14 Federal Register 1573, as amd. by 14 Federal Register 1868).

The plaintiffs are entitled to possession of the store (L. 1945, ch. 314, § 8, subd. [d], as amd. by L. 1949, ch. 535). A final order to that effect is directed to be entered in the dispossess proceeding. The decision cited by the defendant prohibiting piecemeal evictions from business and commercial properties is not applicable. *Morse & Grossman, Inc.*, v. *Acker & Co.* (297 N. Y. 304 [1948]), rests on a homogeneous use of the entire premises by the tenant, so that an eviction from one part is tantamount to eviction from all parts. The fact that the original lease covered the whole building was not itself determinative. The principle of that case should not be extended to fact situations not presenting the same practical difficulty. The defendant here will be permitted such access to the cellar as is reasonably necessary to continue furnishing present services to the roomers. The court has no power to fix her rent under the circumstances resulting from this decision, and the parties are remitted to the competent forum.

Judgment is directed to be entered dismissing the complaint in the declaratory judgment action, and a final order will be entered in the dispossess proceedings in accordance with this opinion.