J. Almyk Lieberman, Plaintiff, *v.* Andor R. Stern, Defendant.

Supreme Court, Special Term, New York County, November 15, 1949.

*Jacob S. Linett* for plaintiff.

*David Natelson* for defendant.

HOFSTADTER, J. This action by landlord against tenant is brought for a declaratory judgment that defendant's lease of the building, containing less than twenty-five rooms, is terminated, that plaintiff is entitled to constructive possession of the demised premises, that defendant surrender constructive possession of said premises forthwith, except for one apartment occupied by him in the building, that a reasonable rental for said apartment be fixed and defendant be constrained from collecting any further rentals from the subtenants; and plaintiff moves for an order striking out the answer as sham and frivolous, or striking out the affirmative defenses as insufficient and for judgment on the pleadings.

It is alleged in the complaint that plaintiff does not intend to evict the defendant from physical occupancy, and stands ready to replace all existing furniture in the rooms occupied by the subtenants in the event the furniture is not removed by defendant.

The answer pleads several defenses based on the claim that the premises are controlled housing accommodations and that plaintiff was required as a condition precedent to obtain and plead the granting of a certificate by the local rent commission.

By the terms of the lease the premises were to be occupied for dwelling purposes, or as a quiet, orderly, respectable furnished-room house.

Pursuant to section 209 of the Housing and Rent Act of 1947 (as amd. by ch. 42, Public Law 31, 81st Cong., 1st Sess., 1949, § 206; U. S. Code, tit. 50, Appendix, § 1899) a new section 825.26 was added to the Expediter's Regulations, effective April 1, 1949, reading as follows:

*'' Removal of tenant* — (a) *Restrictions on removal of tenant.* So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations by action to evict or to recover pos-

session, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for surrender of possession, or for entry of judgment upon the tenant's confession for breach of the covenants thereof, or which otherwise provides contrary hereto, except on one or more of the grounds specified in this paragraph (a), or unless the landlord has obtained a certificate in accordance with paragraph (c) of this section; *Provided, however,* That no provisions of this section shall be construed to authorize the removal of a tenant unless such removal is authorized under local law. \* \* \*

[Exception.] " (4) *Accommodations entirely sublet.* The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodations is used by the tenant as his dwelling." (See, also, par. (g) subd. (1) of said new section.)

Clearly, in the light of the Federal regulation cited, plaintiff fails to make out a case for the declaratory judgment demanded, for notwithstanding his assertion that he has no intention to evict the defendant, the result of such a declaration would be to evict him.

In *MacGlashan* v. *Marvin* (185 App. Div. 157) it appears that, pursuant to oral permission claimed by the tenant to have been given him, he orally sublet the demised premises. The landlord thereupon, after notice based upon the alleged breach of the tenant in subletting, brought summary proceedings and obtained a final order therein, which was subsequently reversed on the tenant's appeal. There was no disturbance of the possession of the subtenant, as the latter attorned to the landlord and thereafter paid the landlord the rent stipulated in the sublease. The court said (p. 160) : " It is true the proof does not show that any warrant was issued to put defendant in possession or to evict plaintiffs. At the time of the summary proceedings plaintiffs were not in occupation of the premises. except through their subtenants, Armour & Co. Defendant procured that company to attorn to him and pay him the rent, thereby securing possession and ousting plaintiffs as effectually as he could by a warrant. This was a breach of the covenant for quiet enjoyment implied in the lease \* \* \*."

Further, as a condition precedent to a proceeding for the removal of defendant, plaintiff would be required to procure a certificate from the local rent commission. (See Temporary City Housing Rent Commission, Regulation II for apartments and housing accommodations, Interpretation No. 1, art. II, § 1, Dec. 15, 1947, and, see, Amendment 13 to Regulation I, effective Oct. 19, 1949.)

Apparently, on the argument of the appeal in the *Belenky* case (*Belenky* v. *Colombo*, 275 App. Div. 99) the attention of the court was not called to the new 1949 regulation effective April 1, 1949, eleven days before the rendition of the decision in that case. (See *Vazquez* v. *Belotti*, 196 Misc. 262.)

The plaintiff's motion is accordingly denied in all respects.