BENJAMIN BEST, Plaintiff, *v.* MIRIAM STRACHAN, Defendant.

Supreme Court, Special Term, Kings County, June 28, 1950.

500

*Courtenay L. Wiltshire* for plaintiff.

*Abraham Pruzan* for defendant.

MURPHY, J. This is an action for a declaratory judgment wherein the plaintiff-landlord seeks to have the court declare the lease between the parties to be at an end; that the plaintiff be placed in constructive possession of the premises; that he be held landlord as to the subtenants; that they attorn to him, and that the court fix the rental of the defendant.

Plaintiff moves for an order pursuant to subdivision 6 of rule 109, and rule 112 of the Rules of Civil Practice, determining that the separate and distinct defenses interposed by the defendant be held insufficient in law and for judgment on the pleadings. Defendant, pursuant to rule 109, cross-moves to dismiss the complaint as insufficient in law.

The papers submitted reveal that the plaintiff leased the entire structure, a one-family house, comprising twelve rooms, for a term of one year, which lease has since expired. The defendant on taking possession retained two of the rooms for her own use and sublet the remainder to roomers for whom she supplies furniture, furnishings and other equipment. The plaintiff indicates that he has no intention to evict the roomers or the defendant. It is the defendant's contention that she is protected in her occupancy by the New York State Residential Rent Control Law of 1950 (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) and the regulations promulgated thereupon and that under such circumstances the plaintiff is not entitled to the relief that he seeks. With this contention I am in accord.

Prior to the passage of the State Residential Rent Control Law of 1950, the status of the subject premises was controlled by the Federal Housing and Rent Act in effect April 1, 1949, and its regulations. Under such act the Housing Expediter was given the power to control evictions by regulation (§ 209 of amended Housing and Rent Act of 1947, U. S. Code, tit. 50, Appendix, § 1899). Pursuant to the authority thus granted, the Housing Expediter promulgated regulations affecting the removal of tenants. Section 825.26 of such regulations, in placing certain restrictions on evictions, contained also exceptions under which the removal of tenants was permitted. Exception No. 4 of said section reads as follows: *"Accommodations entirely sublet.* The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of the termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, *and no part of the accommodations is used by the tenant as his dwelling."* (Italics supplied.)

The courts, in construing the Federal Housing and Rent Act of 1949, its predecessor and the regulations promulgated thereunder, have held that the statute did not intend to dispossess tenants in the situation of the defendant who have equipped rooms and apartments with furniture and furnishings and have sublet them as furnished accommodations, retaining some portion of the premises for their own use (*112 East 36th St. Holding Corp.* v. *Daffos,* 273 App. Div. 447, affd. 298 N. Y. 763; *Lieberman* v. *Stern,* 197 Misc. 891, affd. 276 App. Div. 897; *Vazquez* v. *Belotti,* 196 Misc. 262, affd. 276 App. Div. 904).

On passage of the New York State Residential Rent Control Law of 1950, the subject premises came under its control. Pursuant to the directions contained in said statute, the Temporary State Housing Rent Commission issued the following regulation:

" Section 56. *Tenant not using premises for own dwelling.*

" 1. A certificate shall be issued where the landlord seeks in good faith to recover possession of housing accommodations for which the tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, *and no part of the accommodation is used by the tenant as his dwelling."* (Italics supplied.)

A perusal and comparison of the contents of this section with the exceptions set forth under section 825.26 of the Federal

Controlled Housing Rent Regulation clearly shows that the entire text of the Federal regulation was adopted by the Temporary State Housing Rent Commission in promulgating section 56.

Under the circumstances, the interpretations given by the courts above in passing upon the Federal Rent Law would necessarily apply to the New York State Residential Rent Control Law and its regulations.

It is apparent, therefore, that the defendant having retained a portion of the premises for her own use and coming within the purview of section 56 of the regulations promulgated by the Temporary State Hou' ing Rent Commission, the court cannot grant the relief sought by the plaintiff, as to do so would, in effect, be tantamount to evicting the tenant from the premises sublet (*112 East 36th St. Holding Corp.* v. *Daffos, supra*; *Lieberman* v. *Stern, supra*; *Vazquez* v. *Belotti, supra*). The authorities cited by the plaintiff are inapposite in their facts and distinguishable in law (*Sancilio* v. *Van Bergan*, N. Y. L. J., No. 4, 1949, p. 1131, col. 5, AURELIO, J.; *Vazquez* v. *Belotti, supra*; *Lieberman* v. *Stern, supra*).

In the light of the foregoing, the regulations and cases cited, the complaint is insufficient in law and is therefore dismissed. Settle order on notice.