In the Matter of HATTIE McCOY et al., Appellants, against JOSEPH D. McGOLDRICK, Constituting the Temporary State Housing Rent Commission, Respondent.

First Department, June 20, 1951.

*Harry Fractenberg* for appellants.

*Emory Gardiner* of counsel (*Robert H. Schaffer,* attorney), for respondent.

PECK, P. J. The State Rent Administrator has directed issuance on conditions of a certificate of eviction against the tenants of a ten-room house who occupy a two-room basement as living quarters and conduct a rooming house on the remaining floors. The landlord had made application for a certificate only as to the rooms used as a rooming house, under section 56 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, which provides for the issuance of a certificate where the occupants of the housing accommodations are subtenants or are in occupancy under a rental agreement with the tenant and no part of the accommodations is used by the tenant as his dwelling. The Local Rent Administrator denied the application, holding that section 56 was inapplicable because the tenants were occupying part of the accommodations as a dwelling. The State Rent Administrator sustained the protest of the landlord, not under the section of the regulations urged by the landlord, but under section 54, which permits the administrator to certify '' in other cases if the requested removal or eviction is not inconsistent with the purposes of the Act or these Regulations and would ·not be likely to result in the circumvention or evasion thereof.'' In an article 78 proceeding brought to review and annul the determination of the Rent Administrator, the court denied the application, stating that the record did not indicate that the action of the administrator was arbitrary, capricious or unreasonable.

The Rent Administrator's view, as expressed on this appeal, is that the strict wording of section 56 of the regulations, primarily intended to prohibit the eviction of a tenant from his dwelling, prevented the issuance of a certificate because the tenants were occupying a part of the housing accommodations as their dwelling, but that issuance of a certificate was nonetheless consistent with the spirit and true intent of the act and was therefore permissible under the discretionary power given to the administrator under section 54 of the regulations. In order to protect the occupants of all the housing accommodations, the tenants as well as the roomers, the certificate imposed a condition that the tenants might remain in that portion of the premises occupied by them for their own living quarters and that the roomers may remain and must be provided by the landlord with similar furniture and furnishings so that they may remain under substantially the same terms and conditions as those existing.

The tenants urge upon us that the action of the administrator is not consistent with the purpose and intent of the act, that the discretionary power given to the administrator under section 54 may not be availed of in contravention of the express limitations of section 56, and that the action of the administrator is contrary to the decisions of this court in *112 E. 36th St. Holding Corp.* v. *Daffos* (273 App. Div. 447), and *Vazquez* v. *Belotti* (276 App. Div 904).

We will dispose of the last contention first. The *Daffos* and *Vazquez* cases were decided under the Federal regulations and rulings of the Federal Housing Expediter taking a different view of the subject than that taken by the State Administrator. Our holding in those cases was a confirmation of the authority and action of the Federal Housing Expediter within his domain. The State Rent Administrator in his domain has taken a different view and we are equally inclined to sustain his administrative action unless it is clearly contrary to law or arbitrary and unreasonable. We think that the action of the administrator is neither illegal nor arbitrary.

We accept the administrator's view that the limitation in section 56 of the regulations is intended to prohibit the eviction of a tenant from his dwelling and think that the position of the landlord in this proceeding might well have been sustained under that section, because the part of the housing accommodations occupied by the tenants was entirely separable and separate from the accommodations employed as a rooming house, and it was entirely feasible to give the landlord possession of that part of his property for which application was made and maintain the tenants in possession of that part of the premises which was occupied by them for dwelling purposes. We would not assume that it was the intention of the residential rent control laws to maintain a tenant in possession of those parts of premises of which he is in only constructive possession and operates' as a business any more than it was the intention of the business rent law to protect a tenant merely in constructive possession of rental space in commercial buildings (*WMCA, Inc.,* v. *Blockfront Realty Corp.,* 272 App. Div. 800; see, also, *277 Park Ave. Corp.* v. *New York Central R. R. Co.,* 275 App. Div. 1028).

The authority given the administrator under section 54 of the regulations is not to indulge a variance from the law. It is merely an administrative implementation of his authority under the law, giving him perhaps a reasonable leeway where the law is not as precise in its meaning as it might be. We

affirm the order of the court confirming the action of the administrator upon the ground that his action comes within a proper treatment of section 56 of the regulations.

It is hardly necessary to add that the decision here is not fraught with the consequences to every tenant of a small rooming house or furnished apartment which the tenants in this proceeding have pictured to us. In those small integral units where the tenant's accommodation is part and parcel of a housing unit and not readily separable from the rooming house business space, a certificate may not be issued. In a case like the present, however, where the tenants as well as the roomers may perfectly well be protected in their dwelling occupancy, it is not a requirement of the law that the tenants be protected in the separable business of running a rooming house.

The order appealed from should be affirmed, with $20 costs and disbursements.

DORE, J. (dissenting). The commission is empowered to promulgate regulations to effectuate the act but no regulation may be in contravention of the statute. Under the State Residential Rent Law no eviction may be had unless the landlord in good faith seeks to recover possession where the lease or rental agreement has expired or terminated and at the time of termination the occupants are subtenants occupying under a rental agreement with the tenant " and no part of the accommodation is used by the tenant as his dwelling ". (§ 5, subd. 2, par. [b].) This statutory provision is the same under chapter 250 of the Laws of 1950 and chapter 443 of the Laws of 1951. Concededly part of the housing accommodation herein is used by the tenant " as his dwelling ". In spite of that the regulation permits eviction. The statute must control.

I entirely agree, however, with the majority that in any event a certificate may not issue where the accommodation is a furnished apartment in which the prime tenant rents one or more furnished rooms.

Accordingly I dissent and vote to reverse the order appealed from.

COHN, CALLAHAN and VAN VOORHIS, JJ., concur with PECK, P. J.; DORE, J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.